[No. 22042. *En Banc.* December 30, 1930.]

FRED W. OLDS et al., *Appellants*, v. RAY-DIO-RAY CORPORATION *et al., Respondents.*[1]

*Frederick R. Burch,* for appellants.

*Chas. H. Ennis* and *Henry & Pierce,* for respondents.

MILLARD, J.—This is a suit by eight plaintiffs, on behalf of themselves and other parties similarly situated, to enforce specific performance of their contract

[1]Reported in 294 Pac. 579.

with Dr. B. N. Burglund, a deceased inventor, and to require R. O. Colvin to render an accounting of receipts and disbursements during his incumbency as secretary-treasurer of the American Radex Company. The cause was tried to the court without a jury and resulted in a decree of dismissal, without findings of fact. From that decree, the plaintiffs have appealed.

The facts are as follows: Fifty persons (including the eight appellants) entered into a written contract May 4, 1926, with Dr. B. N. Burglund for the purpose of perfecting and capitalizing Burglund's invention for the eradication of animal and vegetable life detrimental to orchards. The expenses of Burglund, who agreed to continue to experiment on his ideas, were to be paid by the other contracting parties, each of whom was obligated to contribute not less than one hundred dollars for that purpose. When a test of the invention proved its practicability, a corporation was to be organized to receive the patents for which Burglund would make application. Of the corporate stock, fifty-one per cent was to be issued to Burglund and forty-nine per cent to the other parties to the contract.

"That if said experiment is successful the parties hereto agree to form a corporation for the purpose of getting patents to protect first party; that he will join such a corporation and take 51% of the stock in full compensation for getting said patents and having same conveyed to the corporation to be hereafter formed, or to be taken out in the interest of said corporation."

On June 2, 1927, a corporation was organized under the name of the American Radex Company, with appellant N. D. Titchenal as president and respondent R. O. Colvin as secretary-treasurer. Of the four hundred shares of stock of the company, Burglund was entitled to receive two hundred and four shares.

While the stock was not actually issued to him, Burglund was recognized as a stockholder, and was a member of the board of directors. The company received from the sale of one hundred and ninety-six shares of its stock, all of which were not issued to the subscribers, a total of nineteen thousand six hundred dollars. Of this sum fifty-one hundred dollars were contributed by the fifty signers of the contract of May 4, 1926, prior to incorporation of the Radex Company.

On July 26, 1927, pursuant to instructions of the board of directors at a legally called special meeting July 8, 1927, the American Radex Company, by and through its president (appellant N. D. Titchenal) and its secretary-treasurer (respondent R. O. Colvin), entered into a second contract with Dr. Burglund, which contract was accepted by the board of directors at its legally convened special meeting of July 26, 1927. The contract provided that, in the event patents were applied for on machines, apparatus or ideas of Burglund, the patent applications were to be made in the name of Burglund; that the Radex Company was to have a lease covering the exclusive right to manufacture, sell and operate all apparatus so patented for a period of ninety-nine years, the Radex Company to finance the costs of all experiments and to give Burglund fifty-one per cent of the stock of the company.

No application for patent was made by Dr. Burglund, who died intestate September 17, 1927, leaving Hannah M. Burglund as his surviving spouse. Some time in September, 1927, Herbert E. Smith, a patent attorney, was employed by the Radex Company to obtain patents on the Burglund inventions, for which services he was paid. He was never employed by the American Radex Company to perform any other service for the corporation. Some time in February, 1928, which was subsequent to Burglund's death, the

American Radex Company, acting regularly through its board of trustees, refused to employ Herbert E. Smith on a salary to carry on Burglund's work. Notwithstanding this action, the minority interests in the corporation proceeded to employ Smith, and paid him, without any legal warrant therefor, from the corporation's treasury all of its available funds, amounting to approximately fourteen thousand dollars.

On October 5, 1927, A. B. Courtway, one of the respondents in this cause and a director of the American Radex Company, qualified as administrator of the estate of the deceased. On December 12, 1927, the administrator, through patent attorney Smith, applied to the United States Patent Office for, and to Courtway were issued, as the administrator of the estate of Dr. Burglund, deceased, letters patent Nos. 239540 and 241442 for a system of applying radiant energy and other purposes. On May 1, 1928, the administrator appeared at a board meeting of the Radex Company and demanded in writing, as follows, the delivery of fifty-one per cent of the stock of the company:

"As administrator of the estate of Doctor B. N. Burglund, deceased, it is necessary for me to receive the certificates of stock in your corporation provided to be issued to Doctor Burglund in accordance with his agreement with you in the month of July, 1927, towit: fifty-one per cent of the stock of the corporation, fully paid and non-assessable.

"I, therefore, request that such certificates of stock be issued at once to A. B. Courtway, administrator of the estate of Dr. B. N. Burglund, deceased."

The corporation, acting through its board of directors, refused to comply with the demand.

On June 12, 1928, the administrator filed an inventory of the Burglund estate, in which were included the letters patent as the property of Dr. Burglund. The three appraisers appointed by the court valued

all of the property of the estate, including the letters patent, at twenty-three hundred and seventy-five dollars. The whole estate, being appraised for less than three thousand dollars, was awarded to and set aside as the sole and separate property of the surviving widow; and the administrator was discharged.

In June, 1928, Mrs. Burglund gave to Courtway a power of attorney and followed the advice of counsel who represented her in the trial of this cause. That attorney not only represented Mrs. Burglund, but also represented the Electro Spray Corporation. In July, 1928, Mrs. Burglund sold to the Electro Spray Corporation all of her interest in the patents. Two of the incorporators of that company, which was organized in June, 1928, were respondents Courtway and Colvin. The Electro Spray Corporation entered into a contract November 23, 1928, with patent attorney Smith, and authorized him to manufacture and sell Burglund machines. That contract was assigned by Smith to the Ray-Dio-Ray Corporation, a company organized September 19, 1928, and of which Smith was one of the incorporators.

Appellants contend that the administrator should have applied for patents in his own name as administrator and properly assigned same to the American Radex Company. As required by the Act of Congress, the administrator applied for and received, as administrator of the estate of the deceased Burglund, letters patent on the Burglund inventions.

"When any person, having made any new invention or discovery for which a patent might have been granted, dies before a patent is granted the right of applying for and obtaining the patent shall devolve on the executor or administrator, in trust for the heirs at law of the deceased, in case he shall have died intestate; . . ." Mason's U. S. Code, Title 35, § 46.

Dr. Burglund's rights in the patents at the time of his death passed, subject to outstanding equities, to the administrator. Dr. Burglund's contract was not terminated by his death. He was not thereby absolved from his engagement to transfer the letters patent to the Radex Company in return for fifty-one per cent of the stock of that company. His obligation to exchange his patents for the consideration named was binding upon his administrator. When the patents were awarded to Mrs. Burglund by the probate court, she took same charged with the duty of transferring the patents to the American Radex Company, and to receive in return therefor fifty-one per cent of the stock of the American Radex Company.

To this Mrs. Burglund now agrees, she having appeared in this court by counsel other than represented her in the court below and on the first hearing in this court. She now states that she thought she was carrying out the contract with the American Radex Company; that she was misled and made a defendant in the cause when she should, in fact, have been one of the plaintiffs; that she relied upon Mr. Courtway to whom she gave a power of attorney under which he operated from June 13, 1928, until she discovered the true state of affairs in April, 1930, and that she revoked the power of attorney May 12, 1930.

The administrator's demand for the stock on behalf of Burglund's estate was not accompanied by any tender of the patents or rights under the patents, and was properly denied until such time as the corporation, by issuing the stock, could then and there receive that which the contract provided that it should then receive. The administrator knew that the corporation was entitled to the patent rights; that its money had been expended in the necessary experimental work and in obtaining the patents, and his

action in having the patents set over to the widow and transferred to the Electro Spray Corporation of which he was one of the incorporators, was a fraud upon the American Radex Company and its stockholders.

The appellants will be afforded the relief to which they are entitled by reversal of the judgment and remand of the cause with directions that the patent rights be turned over to the American Radex Company; that the American Radex Company issue fifty-one per cent of its stock to the widow of Dr. Burglund pursuant to the terms of its contract with Dr. Burglund; and that an accounting be made by R. O. Colvin of receipts and disbursements during his incumbency as secretary-treasurer of the American Radex Company. It is so ordered.

MITCHELL, C. J., TOLMAN, HOLCOMB, FULLERTON, PARKER, BEALS, and MAIN, JJ., concur.